UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

Present: The Honorable          CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**          (IN CHAMBERS) – PETITIONER'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. 9, filed on March 11, 2026)

## I.   INTRODUCTION

On February 5, 2026, Jaqueline Ordonez-Banol ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the warden/facility commander of Adelanto Detention Facility, ICE Field Office Director Los Angeles, U.S. Immigration and Customs Enforcement ("ICE"), Kristi Noem as Secretary of the U.S. Department of Homeland Security ("DHS"), and Pam Bondi as Attorney General of the United States (collectively, "Respondents").  Dkt. 2 ("Pet.").  The petition alleges that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and that Respondents' warrantless arrest of Petitioner without an individualized determination that Petitioner was likely to escape is a final agency action in excess of statutory authority under 8 U.S.C. § 1357(a)(2) and the Administrative Procedure Act ("APA").  Id. at 7-8. The petition requests that the Court order Petitioner's immediate release from custody and declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the APA.  Id. at 8.

On March 11, 2026, Petitioner filed the instant *ex parte* emergency motion for a temporary restraining order and release on bond.  Dkt. 9 ("App.").

The same day, the Court enjoined Respondents from relocating Petitioner outside the Central District of California until further order of Court.  Dkt. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

On March 13, 2026, Respondents filed an opposition to Petitioner's *ex parte* application for a TRO.  Dkt. 12 ("Opp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Petitioner is a 39-year-old citizen of Colombia.  Pet. at 5 ¶ 1.  Petitioner alleges that she is in the United States seeking permanent residency through her U.S. citizen husband.  Id.  Petitioner alleges that she left Columbia due to threats and persecution against her.  Id.  She felt it would be safer to come to the United States.  Id.

According to Respondents, on April 21, 2024, Petitioner entered the United States and did not possess or present a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by the Immigration and Nationality Act ("INA").  Opp. at 1 (citing Opp. Ex. B).  Petitioner was also charged with INA Section 212(a)(7)(A)(i)(I) as an immigrant not in possession of a valid, unexpired visa, reentry permit, border crossing card, or other valid entry document required by the INA.  Id.  On April 21, 2024, Petitioner was served with a notice and order of expedited removal.  Id. (citing Dkt. 2-1 at 7).  Petitioner claimed fear of return to Colombia and her case was forwarded to an Asylum Pre-Screening Officer ("APSO") to adjudicate her credible fear claim.  Dkt. 2-1 at 7.  On June 17, 2024, the APSO determined that Petitioner could not be interviewed and served her a Notice to Appear ("NTA").  Petitioner was charged with INA Section 212(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.  Opp. at 1.  On July 1, 2024, U.S. Border Patrol released Petitioner on an Order of Recognizance.  Dkt. 2-1 at 8.

On June 25, 2025, Petitioner attended her regularly scheduled immigration court hearing in Santa Ana, California.  Pet. at 1 ¶ 1.  According to Petitioner, the DHS attorney moved the immigration judge to dismiss Petitioner's immigration case.  Id.  The immigration judge dismissed Petitioner's immigration case with the Executive Office for Immigration Review ("EOIR").  Dkt. 2-1 at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

Petitioner alleges that as she was exiting the courthouse on June 25, 2025, ICE agents arrested her and she has been in ICE custody ever since. Pet. at 2 ¶ 1. Respondents confirm that Petitioner was taken into immigration custody on that date. Opp. at 1.

According to Respondents, on January 27, 2026, a Form I-261 was filed, amending the charge against Petitioner to "admitted to the United States, but deportable." Opp. at 1-2 (citing Dkt. Opp. Ex. C). According to Respondents, Petitioner had an 8 C.F.R. § 1236 bond hearing scheduled on January 28, 2026, which was withdrawn without prejudice. Opp. at 2. According to Respondents, on February 20, 2026, Petitioner's applications for relief were denied, and she was ordered removed to Ecuador or Honduras. Id. According to Respondents, Petitioner's appeal is pending with the Board of Immigration Appeals ("BIA"). Id.

Petitioner alleges that she has attempted to gain bond in her case on several occasions. Pet. at 5 ¶ 2. Petitioner alleges that at her initial bond hearing, she was determined to be an arriving alien so the immigration judge found no jurisdiction to issue bond. Id. Petitioner alleges that she was scheduled for a Rodriguez bond hearing on January 27, 2026, at 8:00 a.m., but on that day, the immigration judge was not available and the hearing was reset to January 28, 2026. Id. Petitioner's counsel informed the immigration court that he had another hearing in another court at the same time. Id. The clerk responded that Petitioner's hearing could not be rescheduled. Id. Petitioner alleges that, on January 28, 2026, the Adelanto detention facility did not have her ready to attend the hearing. Id. at 5-6 ¶ 2. According to Petitioner, the immigration judge gave Petitioner's counsel until 10:30 a.m. to appear or Petitioner's bond request would be considered withdrawn. Id. Petitioner's counsel was unable to appear in time, and the bond request was withdrawn. Id.

Petitioner alleges that a DHS attorney stated that Petitioner is no longer considered to be an arriving alien so USCIS no longer has joint jurisdiction over her adjustment of status. Id. Petitioner alleges that the government initially argued that she was an arriving alien so that the immigration judge would find no jurisdiction at her initial bond hearing but now argues that she is not an arriving alien to limit her alternatives to removal. Id.

Petitioner has been detained in the Adelanto Detention Facility since June 25, 2025. Pet. at 1 ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

## III. LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV. DISCUSSION

Petitioner's application for a temporary restraining order seeks an order enjoining her removal from the United States, prohibiting Respondents from transferring Petitioner outside of the Central District of California, and ordering Petitioner's temporary release on bond or parole pending review of the habeas petition and pending BIA appeal. App.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

at 5.  Petitioner's application does not address the likelihood of success on the merits of any of her claims.  See generally App.  The Court construes Petitioner's application to incorporate the arguments from her petition.  The Court finds that the *ex parte* nature of Petitioner's request for relief is appropriate because Petitioner alleges irreparable injury by unlawful detention.  See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

### A.    Jurisdiction

As a threshold matter, the Court must consider whether it has jurisdiction to review Petitioner's claims in her petition.  8 U.S.C. § 1252(g) explicitly deprives the Court of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  See Jennings v. Rodriguez, 583 U.S. 281, 294 n.3;  Ibarra-Perez v. U.S., 154 F.4th 989, 996 (9th Cir. 2025);  Balogun v. Sessions, 330 F. Supp. 3d 1211, 1214 (C.D. Cal. 2018); see also 8 U.S.C. §1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.").  Therefore, this Court lacks jurisdiction to hear Petitioner's APA claim, which arises from Respondent's decision to commence removal proceedings against Petitioner.

However, these statutory provisions do not provide a jurisdictional bar to this Court's ability, pursuant to 28 U.S.C. § 2241, to review Petitioner's due process claim that her *detention* in federal custody is unlawful.  See Mosqueda v. Noem, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *3 (C.D. Cal. Sept. 8, 2025); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Ibarra-Perez v. United States, 154 F.4th 989, 997 (9th Cir. 2025) ("§ 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|----------|------------------------|------|----------------|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

### B.    Likelihood of Success on the Merits

Petitioner alleges that she has been denied "the opportunity to be heard at a meaningful time and in a meaningful manner." Pet. at 7 ¶ 3 (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotation marks omitted)).

Respondents argue that Petitioner's request for immediate release should be denied because Petitioner was afforded an opportunity to contest her detention through an individualized Rodriguez[1] bond hearing on January 28, 2026. Opp. at 2-3. Respondents argue that the appropriate remedy here is for Petitioner to request another Rodriguez bond hearing, and then she "will receive one at which Respondents bear the heightened standard of establishing by clear and convincing evidence that she is either a flight risk or danger to the community." Id. Respondents argue that by not requesting another Rodriguez bond hearing, Petitioner has failed to exhaust her administrative remedies. Id.

Respondents concede that Petitioner, who is not yet subject to a final order of removal because her appeal is pending before the BIA and has been detained for approximately nine months since her arrest on June 25, 2025, is entitled to a Rodriguez bond hearing. Id. Respondents contend that this is constitutionally sufficient process to address Petitioner's claim that she should not be detained. Id. The Court agrees with Respondents that Petitioner is, at minimum, entitled to a Rodriguez bond hearing. However, Petitioner's allegations, which Respondents do not contest, demonstrate that Petitioner was unlawfully denied an initial bond hearing on the grounds that the immigration court lacked jurisdiction. Pet. at 5 ¶ 2. For the reasons discussed below, the Court finds that Petitioner is likely to succeed on the merits of her due process claim, and the appropriate remedy is immediate release.

####     1.    Procedural Due Process

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). The Due Process Clause of the Fifth Amendment to the

---

[1] This refers to a bond hearing requested by a noncitizen detained for more than six months pending removal proceedings, pursuant to Rodriguez v. Robbins, 804 F.3d 1066 (9th Cir. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. V.  The right to due process extends to noncitizens in the United States.  See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even aliens shall not ... be deprived of life, liberty, or property without due process of law."); Trump v. J. G. G., 604 U.S. 670 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

It is also well-established that freedom from government detention is a protected liberty interest.  See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects.").  While the government may have "the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody, she has a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does Petitioner have a liberty interest in remaining out of custody on bond.").

Here, it is undisputed that Petitioner was released on her own recognizance on June 17, 2024.  Dkt. 2-1 at 7.  Respondents' release of Petitioner was an implicit promise that she would be able to stay free from detention for the duration of his administrative proceedings absent changed circumstances.  See Morrissey v. Brewer, 408 U.S. 471, 41-84 (1972) (a parolee "relie[s] on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions.").  The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in his continued liberty.  Id.  Petitioner thereby gained a protected liberty interest in remaining out of custody.  Petitioner enjoyed her conditional release for over a year, until her arrest and detention on June 25, 2025.  Id.

Having determined that Petitioner had a protected liberty interest remaining out of custody, the Court applies the three-part test established in Mathews v. Eldridge, 424

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

U.S. 319 (1976) to determine whether the government's procedures were constitutionally sufficient. The Mathews test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. The Court finds that each of the three Mathews factors supports Petitioner's right to a prompt post-detention bond redetermination hearing pursuant to 8 U.S.C. § 1226(a) and 8 CFR § 236.1(d).

First, as explained above, Petitioner has a substantial liberty interest in remaining out of custody after having initially been released on her own recognizance by immigration enforcement officials. While DHS has extensive discretion in deciding whether an individual should be detained or re-detained, that discretion does not lessen Petitioner's interest in remaining conditionally free from detention. See Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). Accordingly, Petitioner's private interest in retaining her liberty was significant.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a post-detention bond redetermination hearing pursuant to 8 U.S.C. § 1226(a). "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19). "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release. Id. (quoting BIA decisions). Here, Petitioner alleges, and Respondents do not dispute, that she requested a bond hearing, but the immigration judge determined that the immigration court lacked jurisdiction to issue bond based on Petitioner's purported status as an "arriving alien." Pet. at 5 ¶ 2. But Petitioner was not "an arriving alien" at that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

time because she was arrested in the United States—outside of the immigration courthouse in Santa Ana, California—having lived in the United States for over a year after being released on her own recognizance. See Dkt. 2-1 at 7; see Rodriguez v. Bostock, 802 F. Supp. 3d 1297 (W.D. Wash. 2025) (interpreting § 1226, not § 1225, to apply to noncitizens present in the United States); see also Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) (certifying "Bond Eligible Class" and granting declaratory relief). The Ninth Circuit concluded that a prompt post-detention bond hearing generally satisfies due process for the detention of a noncitizen pending removal proceedings pursuant to 8 U.S.C. § 1226(a). Rodriguez Diaz v. Garland, 53 F.4th 1189, 1214 (9th Cir. 2022). The availability of a Rodriguez bond hearing six months after Petitioner was detained does not adequately address the risk that Petitioner was erroneously detained in the first place. Thus, the alleged denial of a bond hearing on jurisdictional grounds that Petitioner was statutorily entitled to under 8 U.S.C. § 1226(a) deprived Petitioner of a meaningful opportunity to contest her detention pending ongoing removal proceedings.

The risk of erroneous deprivation of liberty is high absent a prompt bond redetermination hearing pursuant to Section 1226(a) before an immigration judge to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the community. Zadvydas, 533 U.S. at 693-94. Respondents do not argue that Petitioner is or has been previously determined to be a flight risk or a danger to the community. Furthermore, the Court finds that DHS's initial decision to release Petitioner on her own recognizance reflects a determination that Petitioner was neither a flight risk nor a danger to the community at that time. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither."). Respondents do not contend that Petitioner failed to appear at any immigration proceedings. Rather, Petitioner was unexpectedly arrested outside of the courthouse following her appearance at an immigration proceeding. Pet. at 1 ¶ 1. The Court finds no reason to determine that Petitioner, if not in custody, would fail to appear in future immigration proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 5:26-cv-00529-CAS-ACCV | | Date | March 19, 2026 |
|---|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | | |

Third, the Court finds that the government's interest in keeping Petitioner detained is low. As explained, the government has not shown that Petitioner's detention serves either to prevent flight or a danger to the community. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). "In immigration court, custody hearings are routine and impose a 'minimal' cost." Singh v. Andrews, No. 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025). "The government's interest is further diminished where a person 'has consistently appeared for [her] immigration hearings ... and [ ] does not have a criminal record." Id. (citation omitted).

Accordingly, the Court concludes that Petitioner has shown a likelihood of success on the merits that her right to due process was violated by her detention without a prompt Section 1226(a) bond redetermination hearing.

2.      Substantive Due Process

The Court finds that Petitioner's complaint also raises serious questions going to the merits of a substantive due process claim. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). As described above, Petitioner's freedom from custody is a protected and weighty liberty interest. Due process requires that "the nature and duration" of detention "bear some reasonable relation to the purpose for which the individual is" detained. Jackson v. Indiana, 406 U.S. 715, 738 (1972). Given that civil immigration detention is justified only when an individual poses a flight risk or a danger to the community, Zadvydas, 533 U.S. at 690, and the government had previously released Petitioner implicitly finding that she was neither, the Court finds that Petitioner has demonstrated at least a serious question as to whether her detention violates her substantive due process rights by failing to serve any valid purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

### C.    Petitioner is Likely to Suffer Irreparable Harm

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023). The Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without due process. See Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); see also Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

### D.    Balance of Equities and the Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). The government has a significant interest in the enforcement of its immigration laws. Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges her detention that is likely in violation of federal law and the Constitution. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice"). Furthermore, if Respondents later determine that Petitioner's detention is necessary to prevent flight or danger to the community, then Respondents may re-detain Petitioner subject to the provision of a prompt bond redetermination hearing pursuant to Section 1226(a).

### E.    Appropriate Relief

Petitioner's due process was likely violated by the denial of a prompt post-detention bond redetermination hearing pursuant to Section 1226(a). The appropriate relief here is not merely a post-detention bond hearing, six or nine months after Petitioner's detention. See E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("[S]uch a post-deprivation hearing cannot serve as an adequate procedural

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Procedural due process affords Petitioner the right to promptly request and receive a Section 1226(a) bond redetermination hearing to contest the government's initial determination that her detention is necessary to prevent danger to the community or flight. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022). Because Petitioner was denied this due process, the Court concludes that the appropriate relief is immediate release, so that Petitioner is returned to "the last uncontested status which preceded the pending controversy." Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025).

### F.    Bond is Waived

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

1. Respondents shall effectuate Petitioner's immediate release from custody to the conditions of release that existed prior to her arrest on June 25, 2025.

2. Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case;

3. Petitioner shall not relocate outside of the Central District of California pending final resolution of this case; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | March 19, 2026 |
|----------|------------------------|------|----------------|
| Title | Jaqueline Ordonez Banol v. Warden et al | | |

4.    Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing.  The parties' briefing on a preliminary injunction should address whether the granting of this TRO renders the preliminary injunction request, and the habeas petition itself, moot.

5.    Respondents shall file a status report within two (2) days of this Order confirming their compliance with this Order.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |