UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                        JS-6

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | April 14, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al. | | |

Present: The Honorable        CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS) – ORDER DISMISSING PETITION, DKT. 2, AS MOOT

## I.  INTRODUCTION

On February 5, 2026, Jaqueline Ordonez-Banol ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the warden/facility commander of Adelanto Detention Facility, ICE Field Office Director Los Angeles, U.S. Immigration and Customs Enforcement ("ICE"), Kristi Noem as Secretary of the U.S. Department of Homeland Security ("DHS"), and Pam Bondi as Attorney General of the United States (collectively, "Respondents").  Dkt. 2 ("Pet.").  The petition alleges that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and that Respondents' warrantless arrest of Petitioner without an individualized determination that Petitioner was likely to escape is a final agency action in excess of statutory authority under 8 U.S.C. § 1357(a)(2) and the Administrative Procedure Act ("APA").  Id. at 7-8.  The petition requests that the Court order Petitioner's immediate release from custody and declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the APA.  Id. at 8.

On March 11, 2026, Petitioner filed the instant *ex parte* emergency motion for a temporary restraining order ("TRO") and release on bond.  Dkt. 9 ("App.").  On March 19, 2026, the Court granted Petitioner's application for a TRO, ordering Respondents to effectuate Petitioner's immediate release from detention and to show cause in writing why a preliminary injunction should not issue.  Dkt. 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **JS-6**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | April 14, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al. | | |

On March 23, 2026, Respondents filed a status report confirming Petitioner's release from detention in compliance with the Court's order.  Dkt. 14.

On March 26, 2026, Respondents filed a response to the Court's order to show cause regarding a preliminary injunction.  Dkt. 15 ("Response").  Petitioner did not file a response.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The facts of this case are known to the parties and set forth in the Court's March 19, 2026 order.  Dkt. 13.  Petitioner was released from immigration detention on March 19, 2026, pursuant to the Court's temporary restraining order.  Dkt. 14.

## III.    LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012) (emphasis in original) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)); accord Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  City & County of San Francisco v. USCIS, 944 F.3d 773, 788–89 (9th Cir. 2019) (quoting Winter, 555 U.S. at 20) (alterations in original).  "Likelihood of success on the merits is the most important factor."  California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018) (quotations omitted).

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Serious questions are those "which cannot be resolved one way or the other at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                         **JS-6**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | April 14, 2026 |
|----------|------------------------|------|----------------|
| Title | Jaqueline Ordonez Banol v. Warden et al. | | |

hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

Finally, in the Ninth Circuit, a preliminary injunction is disfavored when it is "identical to the ultimate relief sought in the case." Progressive Democrats for Soc. Just. v. Bonta, No. 21-CV-03875-HSG, 2021 WL 6496784, at *11 (N.D. Cal. July 16, 2021) (citing Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 808–09 (9th Cir. 1963). "It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits. The hearing is not to be transformed into a trial of the merits of the action upon affidavits, and it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial." Tanner, 316 F.2d at 808–09.

## IV.   DISCUSSION

Respondents argue that Petitioner's release from ICE detention moots the requested preliminary injunction, and moots Petitioner's habeas petition more generally. Response at 1-2.

"Article III of the Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.), cert. denied, 145 S. Ct. 459 (2024) (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). Further, courts have an obligation to consider mootness sua sponte, and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).

The Court finds that Petitioner's release moots the request for a preliminary injunction because Petitioner cannot show that Petitioner will suffer the irreparable harm of unlawful detention in the absence of preliminary injunctive relief. The Court also finds that Petitioner's release from detention moots each of the claims in the petition for a writ of habeas corpus. See United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **JS-6**

| Case No. | 5:26-cv-00529-CAS-ACCV | Date | April 14, 2026 |
|---|---|---|---|
| Title | Jaqueline Ordonez Banol v. Warden et al. | | |

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007). "Collateral consequences 'create concrete legal disadvantages.'" Alam v. Carter, 843 F. App'x 953, 954 (9th Cir. 2021) (quoting Zegarra-Gomez v. INS, 314 F.3d 1124, 1125 (9th Cir. 2003)). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." Id. Petitioner has not alleged any collateral consequences that would be redressed by the relief sought in the petition. See Hernandez Trujillo v. Janecka, No. ED CV 25-3002 FMO (SSC), 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026) (concluding on similar facts that there were no collateral consequences that were redressable by success on the original petition).

Furthermore, the fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. See Serrato v. Clark, 486 F.3d 560, 566 (9th Cir. 2007) (habeas petitioner must show an actual injury that is not conjectural or hypothetical). Petitioner does not demonstrate that re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (The Court's jurisdiction is limited to "actual, ongoing cases or controversies."). Petitioner may seek relief for any actual, future injury in a new or amended petition.

## V.   CONCLUSION

In accordance with the foregoing, the Court's order to show cause as to why a preliminary injunction should not issue is discharged as moot. The Court **DISMISSES** without prejudice Petitioner's petition for a writ of habeas corpus, dkt. 2, as moot.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |